United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJUAN C. SCOTT, | No. C 09-01751 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| SHERIFF DEPUTY CLAWSON, | |
| Defendant. | |

Plaintiff, a state prisoner, filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff will be granted leave to proceed in forma pauperis in a separate written order. For the foregoing reasons, the Court will dismiss the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.
3  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the color
8  of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.  Plaintiff's Claims

10        Plaintiff alleges that Defendant Sheriff Deputy Clawson was withholding or tampering
11  with his mail.  (Compl. at 3.)  Plaintiff filed a grievance against Defendant which was denied
12  as frivolous.  (Id.)  Plaintiff claims that Defendant Clawson threatened him for filing a
13  grievance, stating "I'll get mines [sic] back."  (Id.)  Plaintiff claims that he wrote another
14  grievance which was heard by a superior officer who promised to deal with the matter.  (Id.)
15  However, Plaintiff alleges that Defendant Clawson continued to harass him due to the
16  grievances and Plaintiff's race. (Id.)   Plaintiff seeks injunctive relief.

17        Allegations of verbal harassment and abuse fail to state a claim cognizable under 42
18  U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v.
19  Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v.
20  Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),
21  amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison
22  guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139
23  (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim);
24  Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not
25  invade a federally protected right"); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir.
26  1975) (prisoner does not have cause of action under § 1983 for being called obscene name by
27  prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere
28  verbal abuse by prison officials does not state claim under § 1983).  This is so even if the

United States District Court
For the Northern District of California

1  verbal harassment is racially motivated. See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir.
2  1982) (federal court cannot order guards to refrain from using racial slurs to harass
3  prisoners).  But harassment coupled with conduct implicating the Eighth Amendment's
4  proscription against cruel and unusual punishment may indeed present a claim cognizable
5  under § 1983.  See Hudson v. Palmer, 468 U.S. 517, 528-30 (1984) (malicious cell searches
6  and calculated harassment unrelated to prison needs may implicate 8th Amendment's
7  protection against cruel and unusual punishment); Franklin v. Oregon, 662 F.2d 1337, 1344
8  (9th Cir. 1981) (harassment with regards to medical problems cognizable if it constitutes
9  deliberate indifference); see also Burton, 791 F.2d at 101 n.1 (racially derogatory language
10 coupled with conduct infringing prisoner's right to security of his person may present
11 cognizable claim).

12     Allegations of mere threats also are not cognizable under § 1983.  See Gaut v. Sunn,
13 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor
14 do allegations that naked threat was for purpose of denying access to courts compel contrary
15 result).  However, a death threat made when the party has both the opportunity to carry out
16 the threat and evidences the intent to do so does state a cognizable claim. See Burton, 791
17 F.2d at 100-01 (drawing gun and terrorizing prisoner with threats of death while using
18 racially offensive language presents cognizable claim).

19     Plaintiff's pleadings are insufficient because he has not alleged specific facts with
20 respect to Defendant's conduct to state a claim under the Eighth Amendment.  See Hudson v.
21 Palmer, 468 U.S. at 528-30.  Plaintiff must allege sufficient facts to show that Defendant did
22 more than merely verbally harass Plaintiff, id., or that Defendant's threats were more than
23 non-life threatening, see Burton, 791 F.d. at 100-01.  Plaintiff will be given leave to amend to
24 attempt to cure these deficiencies.

25

## CONCLUSION

27     1.    The complaint is DISMISSED with leave to amend within **thirty (30) days**
28 from the date this order is filed to cure the deficiencies described above.  The amended

United States District Court
For the Northern District of California

3

1 complaint must include the caption and civil case number used in this order (09-01751 JF
2 (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an
3 amended complaint completely replaces the previous complaints, Plaintiff must include in his
4 amended complaint all the claims he wishes to present and all of the defendants he wishes to
5 sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not
6 incorporate material from the prior complaint by reference.  **Failure to file an amended**
7 **complaint in accordance with this order will result in dismissal of this action without**
8 **further notice to Plaintiff.**

9       2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
10 keep the Court informed of any change of address by filing a separate paper with the clerk
11 headed "Notice of Change of Address."  He must comply with the Court's orders in a timely
12 fashion or ask for an extension of time to do so.  Failure to comply may result in the
13 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

14     IT IS SO ORDERED.
15 DATED: 8/10/09

JEREMY FOGEL
United States District Judge

*United States District Court*
*For the Northern District of California*

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Scott01751_dwlta.wpd     4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDJUAN CHARDON SCOTT,

        Plaintiff,

  v.

CLAWSON,

        Defendant.

                                          /

Case Number: CV09-01751 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/17/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edjuan C. Scott CC08AD969
Martinez Detention Facility
901 Court Street
D-Module #27
Martinez, CA 94553

Dated:   8/17/09

                                                    Richard W. Wieking, Clerk