*E-Filed 10/18/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDJUAN C. SCOTT, | No. C 09-1751 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SHERIFF DEPUTY CLAWSON, et al., | |
| Defendants. | |

**INTRODUCTION**

This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. The original complaint, which concerned alleged harassment by defendant Clawson, an officer at the Martinez Detention Facility, was dismissed with leave to amend. Plaintiff has filed an amended complaint. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A (a).

//

//

//

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

The amended complaint fails to correct the deficiencies in the first.  Specifically, petitioner has not alleged facts sufficient to state a claim against Clawson for his threats and one cell search, and has added new claims regarding his placement in a maximum security module.  As stated in the order dismissing the complaint with leave to amend, mere threats and verbal harassment are not actionable under section 1983.  *See Freeman and Arpaio*, 125

F.3d 732, 738 (9th Cir. 1997); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff also has not alleged specific facts that show that the one alleged cell search, coupled with defendant Clawson's alleged verbal abuse presents a cognizable claim under section 1983. *See Hudson v. Palmer*, 468 U.S. 517, 528–30 (1984). Plaintiff having failed to state claims on which relief can be granted, the action is DISMISSED. If plaintiff seeks relief on his new claims regarding his particular prison housing conditions, he must file a new civil rights action.

The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED**.

DATED: October 15, 2010

RICHARD SEEBORG
United States District Judge